Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2685 | **DATE** | 10/30/2002 |
| **CASE TITLE** | UniCapital Funding vs. Foxley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Unicapital's motion (Doc 15-1) for partial judgment on the pleadings. Answer to all other pending motions due November 13, 2002. Reply due November 20, 2002. Ruling set for December 11, 2002 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 3 1 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNICAPITAL FUNDING CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN C. FOXLEY,<br><br>Defendant. | 02 C 2685 |

## MEMORANDUM OPINION

DOCKETED
OCT 3 1 2002

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff Unicapital Funding Corporation's ("Unicapital") Rule 12(c) motion for partial judgment on the pleadings. For the reasons set forth below we grant the motion.

## BACKGROUND

For the purposes of this motion, Defendant John Foxley's well-pleaded allegations are taken as true, and the facts and inferences to be drawn from those allegations are viewed in a light most favorable to him. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.1993). At all relevant times Mr. Foxley was the president and owner of Litho Color Printing Corporation ("Litho"). On July 15, 1997, and September 12, 1997, Litho borrowed money from American Capital Resources,

Inc. ("ACR") to finance the acquisition of new printing presses from KBA Planeta North America, Inc. ("KBA"). Complaint Exs. 3 and 4. To protect its loans (the "Loans"), ACR took a security interest in various pieces of Litho's equipment (the "Collateral") and required Mr. Foxley to personally guarantee the Loans. ACR allegedly told Mr. Foxley that "KBA also had agreed to guarantee ACR's loans to Litho." Foxley's Counterclaim (the "Counterclaim") ¶ 12. Additionally, KBA's president allegedly "told Foxley that KBA was guaranteeing ACR's loans to Litho," and KBA's CFO allegedly "advised Foxley 'because we like little guys like you, we are guaranteeing the loan.'" Counterclaim ¶¶ 13-14. Mr. Foxley executed guaranties (the "Guaranties") personally guaranteeing payment "absolutely and unconditionally" to ACR on July 15, 1997, and September 12, 1997, the same days the Loans were made. Complaint Exs. 5 and 6. Neither KBA, nor anyone else, ever co-guaranteed the Loans.

ACR assigned its rights under the Loans and Guaranties to Unicapital. When Litho defaulted on the Loans, Unicapital looked to Mr. Foxley for satisfaction of the debt. When Mr. Foxley declined to pay, Unicapital brought this action. The Complaint contains a single count, alleging that Mr. Foxley breached the Guaranties. Unicapital now moves for partial judgment on the pleadings establishing Mr. Foxley's liability (but not the amount of liability) under the Guaranties.

**LEGAL STANDARD**

After the close of pleadings, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The appropriate standard for a judgment on the pleadings is that applicable to summary judgment, except that the court may consider only the contents of the pleadings. *See Alexander*, 994 F.2d at 336. Thus, judgment on the pleadings is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

**DISCUSSION**

Unicapital moves for partial judgment on the pleadings that Mr. Foxley is liable under the Guaranties. It is undisputed that the Loans were made and are now in default and that Mr. Foxley guaranteed the Loans. Nevertheless, Mr. Foxley opposes the motion, citing two grounds for relief: (1) Unicapital breached its duty to dispose of the Collateral in a commercially reasonable manner and (2) Mr. Foxley was fraudulently induced into guaranteeing the Loans.

I. Choice of Law

This is a diversity action governed by state law. "A federal court sitting in diversity applies the choice of law rules of the state in which it sits." *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503 (7th Cir. 1998) (citing *Klaxon Co. v. Stentor*

*Elec. Mfg. Co.*, 313 U.S. 487 (1941) and *Birchler v. Gehl Co.*, 88 F.3d 518 (7th Cir. 1996)).

The Guaranties are contracts. "Generally, in contract actions, the determination of which state has the closest relationship requires the consideration of several factors, including: the place of contracting; the place of negotiation of the contract; the place of performance; the location of the subject matter of the contract; and the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 723 N.E.2d 687, 694 (Ill. App. Ct. 1999) (citing Restatement (Second) Conflicts of Law § 188(2) (1971)). The Guaranties on their face appear to have been executed in Hackensack, New Jersey. Complaint Exs. 3 and 4. Any monetary obligations arising under the Guaranties were originally[1] payable in the state of New Jersey. *Id.* Furthermore, the Guaranties explicitly purport to be "CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW JERSEY." *Id.* We will apply New Jersey contract law with respect to the Guaranties.

Unicapital's rights in the Collateral are governed by the two Security Agreements which ACR and Litho executed. See Complaint Exs. 1-2. The Security

---

[1] They were originally payable to ACR (located in Hackensack, New Jersey). Upon assignment of the Guaranties, they became payable to Unicapital.

Agreements are contracts. We will apply Illinois' choice of law rules for contracts to determine the governing law with respect to the Security Agreements. One party to the Security Agreements, ACR, had its principal place of business in Hackensack, New Jersey. Complaint Exs. 1 and 2. The Security Agreements explicitly purport to be "governed by and construed in accordance with the laws of the State New Jersey." *Id.* Furthermore, the Security Agreements are part of the same loan transactions giving rise to the Guaranties, which we have already declared to be governed by New Jersey law. Thus, we will apply New Jersey law with respect to the Security Agreements and with respect to the Collateral secured thereunder.

Mr. Foxley's "fraudulent inducement" defense sounds in tort. Illinois applies "the 'most significant relationship' test for choosing the appropriate law in tort cases." *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503-04 (7th Cir. 1998) (quoting *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996)). Generally, "the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties." *Fredrick*, 144 F.3d at 504 (quoting *Esser*, 661 N.E.2d at 1141). The injuries that Mr. Foxley complains of are his obligations under the Guaranties. At the time he executed the Guaranties, Mr. Foxley became contractually obligated under the laws of New Jersey. Specifically, he became obligated to guarantee payment of Litho's loans to ACR *in Hackensack, New Jersey.*

Accordingly, we will apply New Jersey tort law to Mr. Foxley's fraudulent inducement defense.

II.     Disposition of the Collateral

Mr. Foxley contends that Unicapital had a statutory duty to dispose of the Collateral in a commercially reasonable manner pursuant to section 9-607 of the Uniform Commercial Code ("UCC") as codified in N.J. Stat. Ann. § 12A:9-607. Mr. Foxley further contends that questions of fact regarding Unicapital's alleged breach of this duty preclude us from granting the motion for judgment on the pleadings. Whether or not Unicapital reasonably disposed of the Collateral, however, is only relevant to damages. This issue will not prevent us from determining whether or not Mr. Foxley is liable under the Guaranties. Although not controlling, we find the reasoning of *General Trading Co., Inc. v. A & D Food Corp.* instructive:

> Defendants' argument, that summary judgment as to liability should be denied because there are triable issues as to whether the sale of the collateral given as security for the loan guaranteed by them was conducted in a commercially reasonable manner, is unavailing. Whether defendants are liable upon their guarantee is an issue which may be resolved apart from and in advance of any determination as to whether the sale of the collateral was conducted in commercially reasonable fashion, the latter being relevant in the present litigation only to the determination of damages.

738 N.Y.S.2d 845 (N.Y. App. Div. 2002) (citation omitted).

III. Fraudulent Inducement

Mr. Foxley contends that the Guaranties are void because he was fraudulently induced into executing them. In order to prevail on such a defense, Mr. Foxley must show that he justifiably relied on the alleged oral misrepresentations. *See Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1215 (7th Cir. 1997) ("In New Jersey, as in most other states, a person claiming to be the victim of commercial fraud must show that he justifiably relied on the other party's false statement.").

Mr. Foxley bases his fraudulent inducement defense on three alleged oral misrepresentations that KBA would co-guarantee the Loans. Complaint ¶¶ 12-14. Two of these three alleged misrepresentations are irrelevant here because they were made by KBA, a non-party to the Guaranties. Complaint ¶¶ 13-14. The third and only relevant misrepresentation allegedly was made sometime in "late 1996". Complaint ¶ 12. On July 15, 1997, after the passing of *at least six and a half months* in which no further misrepresentations of KBA being a co-guarantor are alleged to have been made, Mr. Foxley signed the first Guaranty. Complaint Ex. 5. The July 15, 1997, Guaranty refers only to Mr. Foxley as a guarantor and makes no mention of a co-guarantor. Then, on September 12, 1997, after the passing of *at least seven months* in which no further misrepresentations of KBA being a co-guarantor are alleged to have been made, Mr. Foxley executed a second Guaranty. Complaint Ex. 6. The September 12, 1997,

Guaranty also refers only to Mr. Foxley as a guarantor and also makes no mention of a co-guarantor. Based on this record, no reasonable jury could find that Mr. Foxley justifiably relied on the alleged misrepresentation. Unicapital is entitled to judgment as a matter of law that Mr. Foxley is liable under the Guaranties. The extent of liability is yet to be determined.

## CONCLUSION

Based on the foregoing analysis, we grant Unicapital's motion for partial judgment on the pleadings.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: <u>October 30, 2002</u>