# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2685 | **DATE** | 12/11/2002 |
| **CASE TITLE** | Unicapital Funding vs. Foxley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 1/15/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant the motions (Docs 16-1 & 21-1) to dismiss. The alternative motion (Doc 16-2) to stay is moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 12 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 02 DEC 11 AM 11:35 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNICAPITAL FUNDING CORPORATION,<br>        Plaintiff,<br>vs.<br>JOHN C. FOXLEY,<br>        Defendant. | ) | 02 C 2685 |
| JOHN C. FOXLEY,<br>        Defendant/Counter-Plaintiff,<br>vs.<br>UNICAPITAL FUNDING CORPORATION,<br>        Plaintiff/Counter-Defendant. | ) | |
| LITHO COLOR PRINTING CORPORATION,<br>        Intervenor/Cross-Plaintiff,<br>vs.<br>UNICAPITAL FUNDING CORPORATION,<br>        Cross-Defendant/Plaintiff. | ) | |
| JOHN C. FOXLEY,<br>        Defendant/Third Party Plaintiff,<br>vs.<br>KBA PLANETA NORTH AMERICA, INC.,<br>        Third Party Defendant. | ) | DOCKETED<br>DEC 1 2 2002 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

      This matter comes before the court on two motions. Plaintiff Unicapital Funding

Corporation ("Unicapital") moves to dismiss or, alternatively, to stay Defendant John

Foxley's counterclaims and Litho Color Printing Corporation's ("Litho") complaint in intervention against Unicapital. Third-party Defendant KBA Planeta North America, Inc. ("KBA") moves to dismiss Foxley's third party complaint against KBA. For the reasons set forth below we grant the motions.

## BACKGROUND

This lawsuit involves loans in default that were guaranteed by Foxley. Mr. Foxley was the president and owner of Litho. On July 15, 1997, and September 12, 1997, Litho borrowed money from American Capital Resources, Inc. ("ACR") to finance the acquisition of new printing presses from KBA. To protect its loans (the "Loans"), ACR took a security interest in various pieces of Litho's equipment (the "Collateral") and required Mr. Foxley to personally guarantee the Loans. Mr. Foxley executed guaranties (the "Guaranties"), personally guaranteeing payment "absolutely and unconditionally" to ACR on July 15, 1997, and September 12, 1997, the same days the Loans were made.

ACR assigned its rights under the Loans and Guaranties to Unicapital. When Litho defaulted on the Loans, Unicapital looked to Mr. Foxley for satisfaction of the debt. When Mr. Foxley declined to pay, Unicapital brought this action, alleging that Mr. Foxley breached the Guaranties. Mr. Foxley denied liability, asserted counterclaims and third party claims, and directed his company, Litho, to file claims

in intervention. Ultimately, Foxley asserted fraudulent inducement, fraud, and commercially unreasonable disposition of collateral claims against Unicapital; Foxley asserted a fraudulent misrepresentation claim against KBA; and Foxley's company, Litho, intervened to assert fraudulent inducement, fraud, tortious interference with prospective economic advantage, breach of contract, and commercially unreasonable disposition of collateral claims against Unicapital.

KBA moves to dismiss Foxley's third party complaint against KBA, and Unicapital moves to dismiss or stay all of Foxley's and Litho's claims against Unicapital.

## DISCUSSION

### KBA's Motion to Dismiss

After KBA filed its motion to dismiss Foxley's third party complaint against it, Foxley filed a notice of voluntary dismissal of that complaint with prejudice. Thus, the motion is granted. The third party complaint is dismissed with prejudice.

### I. Unicapital's Motion to Dismiss or Stay

Unicapital moves to dismiss or stay Foxley's counterclaims and Litho's claims in intervention on the basis that they are barred under Unicapital's reorganization plan as ordered by the U.S. District Court for the Southern District of New York. Both Foxley and Litho have failed to answer the motion. Having reviewed the motion and

the relevant portion of the reorganization plan, we grant the motion to dismiss all of the counterclaims and claims in intervention.

## CONCLUSION

Based on the foregoing analysis, we grant the motions to dismiss. The alternative motion to stay is moot.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: December 11, 2002